**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Jorge R Rosario**<br>    Debtor<br>**Ipatia C Bueno**<br>    Joint Debtor<br><br>**Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST**<br>    Movant<br>v.<br>**Jorge R Rosario**<br>    Debtor<br>**Ipatia C Bueno**<br>    Joint Debtor<br>**KENNETH E. WEST, Esquire**<br>    Trustee/Respondent | **Bankruptcy No. 23-12334-pmm**<br><br>**Chapter 13** |

## CREDITOR'S CERTIFICATION OF DEFAULT

I, Michelle L. McGowan, Esquire, attorney for Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, ("Plaintiff"), certifies as to the following:

1. I am an attorney for Selene Finance, LP as servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, and am duly authorized to make this certification.

2. On March 12, 2024, a Stipulation (DE 33) and on March 14, 2024, an Order Approving Stipulation (DE 34) were entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages maintain future accruing payments. See Composite

Exhibit "A"..

3. On <u>July 7, 2025</u>, Plaintiff, by counsel, served on Debtor(s), Debtor(s)' counsel, and the Trustee a Notice of Default setting forth that Debtor(s) were in default in the provisions of the Stipulation.  <u>See</u> Exhibit "B".

4. The <u>July 7, 2025</u>, Notice of Default stated that the sum of $ **<u>$2,265.47</u>** was needed from Debtor(s) to cure the default.

5. The Notice of Default advised that if either the Debtor(s) or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 1356 Sunset Street, Trainer, PA 19061, may be sold at foreclosure.

6. Neither the Debtor(s) nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. That, in accordance with the terms of the Order Approving Stipulation entered on <u>March 14, 2024</u>, Plaintiff is entitled to relief from the automatic stay as to the real property located at 1356 Sunset Street, Trainer, PA 19061.

Date: 8/7/2025

                                                    Robertson, Anschutz, Schneid, Crane & Partners, PLLC

Attorney for Secured Creditor
13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/ Michelle L. McGowan
Michelle L McGowan, Esq.
Email: mimcgowan@raslg.com