IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jorge R Rosario<br>Ipatia C Bueno<br><div align="center">Debtors</div><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST<br><div align="center">Secured Creditor</div><br>vs.<br><br>Jorge R Rosario<br>Ipatia C Bueno<br><div align="center">Debtors</div><br>Kenneth E. West<br><div align="center">Trustee</div> | CHAPTER 13<br><br><br>NO. 23-12334 PMM<br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On March 14, 2024, this Court entered an Order approving a Stipulation (the "Stipulation") (Docket #34) between Wilming Savings Fund Society, FSB and Debtors resolving a Motion for Relief from Stay.

2. On July 29, 2025, a Transfer of Claim was filed naming Wilming Savings Fund Society, FSB as Transferor and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor") as Transferee (Docket# 49).

3. On August 7, 2025, Secured Creditor filed a Certification of Default (Docket# 51) due to a default under the terms of the Stipulation.

4. On August 27, 2025, this Court entered an Order granting Relief from Stay (Docket #58) as to the property located at 1356 Sunset Street, Trainer, PA 19061.

5. On October 15, 2025, Debtors filed a Motion to Reconsider Order Modifying Automatic Stay (Docket #60).

6. Secured Creditor and Debtors desire to resolve Debtors' Motion to Reconsider in accordance with the terms as set forth below and agree that the entry of this Stipulation shall vacate the Order granting Relief from Stay at Docket #58.

7. Debtors acknowledge that as of December 2, 2025, the post-petition arrearage on the mortgage held by Secured Creditor on Debtors' residence is **$5,537.27**. Post-petition funds received after December 2, 2025, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | October 2025 through November 2025 at $1,348.37 each |
| Suspense Balance: | ($1,085.51) |
| Foreclosure Fees & Costs: | $3,926.04 |
| **Total Post-Petition Arrears:** | **$5,537.27** |

8. The Debtors shall cure said arrearages in the following manner:

a). Within fifteen (15) days of the entry of the Order approving this Stipulation, Debtors shall tender a payment of **$1,611.23** to cure the post-petition payment arrears.

b). Within fifteen (15) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the foreclosure fees and costs of **$3,926.04**.

c). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the foreclosure fees and costs of **$3,926.04** along with the pre-petition arrears.

d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

9. Beginning with the payment due **December 2025** and continuing thereafter, Debtors shall pay to Secured Creditor the present regular monthly mortgage payment of **$1,348.37** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

10. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

11. In the event the payments under Sections 8 and 9 above are not tendered pursuant to the terms of this stipulation, Secured Creditor shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification

of Default with the Court and the Court shall enter an Order granting Secured Creditor relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

12. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the Court and the Court shall enter an order granting Secured Creditor relief from the automatic stay.

13. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

14. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

15. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 5, 2025

/s/ Matthew Fissel
Matthew Fissel, Esquire
Attorney for Secured Creditor

Date:   December 10, 2025

/s/ Brad J Sadek
Brad J Sadek
Attorney for Debtors

Date:   December 18, 2025

/s/ Jack K. Miller, Esquire   for
Kenneth E. West
Chapter 13 Trustee

I have no objection to the terms of the proposed stipulation, without prejudice to any rights or remedies available to us.